IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PATRICK UDOEWA, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) CIVIL NO. 3:18-cv-00535 ) ) |
| v. | ) COLLECTIVE ) ACTION COMPLAINT ) |
| ETTAIN GROUP, INC. | ) ) ) (JURY TRIAL DEMANDED) |
| Defendant. | ) ) |

Representative Plaintiff, Patrick Udoewa ("Representative Plaintiff"), individually and on behalf of all other similarly-situated employees, by and through his counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA") against Ettain Group, Inc., ("Ettain" or "Defendant") and its subsidiaries and affiliates, and alleges, upon personal belief as to himself and his own acts, and as for all other matters, upon information and belief, and based upon the investigation made by his counsel, as follows:

## NATURE OF ACTION

1. Representative Plaintiff contends that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") by knowingly suffering and/or permitting Representative Plaintiff and the putative Class members (hereinafter collectively referred to as "Plaintiffs") to work in excess of 40 hours per week without properly compensating them at an overtime premium rate for these overtime hours.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in

1

any Federal or State court of competent jurisdiction." The Representative Plaintiff has signed an opt-in consent form to join this lawsuit. (Exhibit A).

3. This Court has jurisdiction over Representative Plaintiff's claims pursuant to 28 U.S.C. §1331 because Representative Plaintiff's claims arise under the FLSA and also pursuant to 28 U.S.C. §1332(a)(1), because the matter in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs, and the parties are residents of different states.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant's principal place of business is in this District.

**PARTIES**

5. Representative Plaintiff, Patrick Udoewa, is a resident of Houston, Texas and worked for Defendant as a Consultant, Trainer, Go-Live Support staff, and Instructional Designer (collectively, "Consultant"). Plaintiff assisted with the implementation and administration of integrated health computer systems.

6. Defendant's main function was to recruit and hire individuals to assist hospitals and healthcare organizations with their implementation and administration of an integrated health computer system. Defendant's principal place of business is located in Charlotte, North Carolina. Defendant provides staffing services to customers throughout the United States, including Virginia.

7. At all times relevant, Defendant was Representative Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(d) and was actively engaged in the conduct described herein. Throughout the relevant period, Defendant employed Representative Plaintiff and similarly-situated employees within the meaning of the FLSA

2

## FACTS

8. Plaintiffs are individuals who have worked for Defendant as a Consultant, Trainer, Go-Live Support Staff, Instructional Designer, or any other similarly-titled, hourly-paid position during the statutory period (collectively, "Consultants"). Amongst other things, Plaintiffs all shared similar job titles, training, job descriptions and job tasks. Importantly, Representative Plaintiff and Class members were all paid an hourly rate of pay.

9. Defendant, as a leading healthcare information technology firm, provides training and support to medical facilities in connection with the implementation and administration of integrated health computer systems, specifically, new electronic recordkeeping systems. Defendant employs Consultants, such as Plaintiff to perform such training and support services to medical facilities throughout the country.

10. Defendant's financial results are significantly driven by the total number of trainings they provide. This number is entirely dependent on the number of Consultants they have providing trainings and support services to customers and the respective fees that Ettain charges it customers for these services.

11. Representative Plaintiff worked as a Consultant for Defendant at Mary Washington Hospital in Fredericksburg, Virginia from February 2018 until June 2018.

12. Plaintiffs were all compensated on an hourly basis and Representative Plaintiff was paid approximately $50.00 to $85.00 an hour. Plaintiffs and were paid only straight time for all hours they worked, including all overtime hours worked each week.

13. Despite the fact that the Representative Plaintiff and the other Consultants did not meet any test for exemption, Defendant failed to pay them the requisite overtime rate of 1½ times their regular rate for all hours worked more than 40 hours per week ("Overtime Hours").

### Plaintiffs Routinely Worked Overtime Hours Without Being Paid Overtime Premium Compensation

14. The Representative Plaintiff and other Consultants routinely worked Overtime Hours but were not paid overtime premium compensation as required by the FLSA.

15. The Representative Plaintiff and other Consultants were often required to work eight or more hours per day, five to seven days a week. Projects, on average, lasted a few weeks at a time.

16. Despite the fact that the Representative Plaintiff and other Consultants were required, permitted, and/or encouraged to work Overtime Hours, Ettain failed to pay them one and one-half (1½) times their regular rate of pay for all Overtime Hours worked, as required by the FLSA.

17. Rather, Representative Plaintiff and other Consultants were paid a straight hourly rate for all hours that they worked, regardless of whether they worked Overtime Hours. The Representative Plaintiff and other similarly-situated employees were not paid on a salary basis.

18. Defendant knew, and was aware at all times, of the above-mentioned violations.

19. The conduct alleged above reduced Defendant's labor and payroll costs.

20. Plaintiff and other similarly-situated employees were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiff and Consultants in accordance with the requirements of the FLSA, Plaintiff and Class members suffered lost wages and other related damages.

### Plaintiffs Are Not Exempt

21. The Representative Plaintiff and other similarly-situated employees provide support and training to various healthcare staff across the country in connection with the

implementation and administration of integrated health computer systems. Plaintiffs were not working as computer systems analysts, computer programmers or software engineers.

22. Representative Plaintiff's primary duty was to provide first-line troubleshooting which consisted of training and supporting various healthcare staff with the implementation and administration of integrated health computer systems, specifically, new electronic recordkeeping software. This support is known as "Go-Live Support" because the Representative Plaintiff and other similarly-situated Consultants provide guidance to healthcare staff on the "live" implementation of the new software system. Plaintiffs had little discretion in the performance of their job and worked within closely-prescribed limits provided by Ettain.

23. Representative Plaintiff and all other Consultants' duties did not include (i) application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications; (ii) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications; or (iii) the documentation, testing, creation, or modification of computer programs related to the design of software or hardware for computer operating systems.

24. Plaintiffs did not analyze, consult or determine hardware, software programs or any system functional specifications for Ettain's clients.

25. Plaintiffs did not consult with Ettain's clients to determine or recommend hardware specifications. Plaintiffs did not design, develop, document, analyze, create, test or modify a computer system or program.

26. Throughout the statutory period, Plaintiffs' primary duties were not related to the management of the business operations of Ettain or its customers.

5

27. Throughout the statutory period, Plaintiffs' primary duties did not require the use of discretion and independent judgment with respect to matters of significance.

28. Throughout the statutory period, Plaintiffs' primary duties were not the performance of work requiring advanced knowledge in a field of science or learning.

29. Throughout the statutory period, Plaintiffs did not perform work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

30. Despite the fact that Representative Plaintiff and other similarly-situated employees did not meet any test for exemption, Ettain failed to pay the Representative Plaintiff and other Consultants the requisite overtime rate of 1½ times their regular rate for hours worked over 40 per week. Rather, Ettain paid Plaintiffs their regular straight, hourly rate for time worked over 40 hours per week that they were encouraged, suffered and permitted to perform.

### **Defendant Willfully Violated the FLSA**

31. Defendant has no legitimate basis to believe the Plaintiffs were exempt from the overtime requirements of the FLSA Instead, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay Plaintiffs overtime compensation for all Overtime Hours worked. Defendant's willful actions and/or willful failures to act, included, but were not necessarily limited to:

    a. Defendant maintained payroll records which reflected that Plaintiffs did, in fact, regularly work Overtime Hours and therefore, Defendant had actual knowledge that the Plaintiffs worked overtime;

    b. Defendant knew that they did not pay Plaintiffs one and one half (1½) times their regular rate of pay for all Overtime Hours worked;

6

c. Defendant's own documents, including but not necessarily limited to, job offer letters, employment agreements, and training materials for Consultants, reflect that Defendant was aware of the nature of the work performed by Consultants, and, in particular, that these individuals worked exclusively at-the-elbow of healthcare workers employed by Defendant's clients, providing basic training and support with the implementation and administration of integrated health computer systems. *See* "W-2 Employment Agreement" and Paystubs, attached hereto as Exhibit B;

d. Defendant's own documents, including but not necessarily limited to, job offer letters, employment agreements, and training materials for Consultants, reflect that Defendant knew that they were subjected to the wage requirements of the FLSA;

e. Defendant was aware that the Consultants were not involved with: (i) computer systems analysis, computer programming, or software engineering; (ii) the application of systems analysis techniques and procedures; or (iii) the design, development, analysis, creation, testing or modification of a computer system or program;

f. Defendant lacked any good-faith basis to believe that the Consultants fell within any exemption from the overtime requirements of the FLSA; and

g. Defendant was aware that it would (and did) benefit financially by failing to pay Plaintiffs overtime premium pay for all Overtime Hours worked, reducing labor and payroll costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Representative Plaintiff brings this collective action on behalf of himself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendant's violation of the FLSA.

33. Plaintiff pursues the requested relief on behalf of the following individuals:

**All individuals who currently work, or have worked, for the Defendant as a Consultant, Trainer, Instructional Designer, or Go-Live Support staff or any other similarly-titled, hourly-paid position, at any time within the preceding 3-years from the date of filing the complaint.**

34. The Representative Plaintiff is a member of the Class he seeks to represent because he was employed by Defendant during the relevant period, was routinely suffered or permitted to work more than 40 hours per week, as described above, and was not paid an overtime premium rate for the time he worked over 40 hours per week.

35. Specifically, Defendant engaged in common schemes to avoid paying Plaintiff and Class members overtime pay when they worked in excess of 40 hours per week, even though Plaintiff and Class members did not satisfy the necessary conditions exempting them from overtime.

36. Although Representative Plaintiff and the Class members may have had different job titles and/or worked in different locations throughout the relevant period, this action may be properly maintained as a collective because:

   a. Representative Plaintiff and the Class members were all paid an hourly rate;

   b. Representative Plaintiff and the Class members worked in excess of 40 hours per week;

   c. Regardless of their job title or location, Defendant did not pay Representative Plaintiff and the Class members an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

    d. Defendant maintained common timekeeping and payroll systems and policies with respect to Representative Plaintiff and the Class members, regardless of their job title or location.

37. Defendant encouraged, suffered and permitted the Representative Plaintiff and the collective class to work more than forty (40) hours per week without proper overtime compensation.

38. Defendant knew that Representative Plaintiff and the collective class members performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as previously described, to deprive the Representative Plaintiff and the collective class of wages and overtime compensation.

39. Defendant's conduct as alleged herein was willful and has caused extensive damage to Representative Plaintiff and to the putative collective.

40. Defendant is liable under the FLSA for failing to properly compensate Representative Plaintiff and the collective. Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

41. Representative Plaintiff estimates that the collective class, including both current and former employees over the relevant period, will include at least one hundred (100) members. The precise number of collective Class members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the collective class, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA FOR ALL OVERTIME HOURS WORKED

42. Representative Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

43. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

44. Representative Plaintiff and the Class members are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

45. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

46. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Representative Plaintiff and the Class members to work overtime hours per week without paying them overtime wages for these hours.

47. Throughout the relevant period, Representative Plaintiff and the Class members worked in excess of 40 hours per week, but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

48. The foregoing actions of Defendant violated the FLSA.

49. Defendant's actions were willful and not in good faith.

50. Representative Plaintiff and the Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

51. Representative Plaintiff and the Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime

wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

52. Defendant is liable to the Representative Plaintiff and the Class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

53. Representative Plaintiff and the Class members are also entitled to injunctive relief to prevent Defendant from continuing their violation of the FLSA and other appropriate class-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Representative Plaintiff, Patrick Udoewa, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against the Defendantand in favor of the Representative Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Representative Plaintiff and all others similarly situated for the nature, extent and duration of their damages, the costs of this action and as follows:

- A. Order the Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses and home addresses of all Consultants, Trainers, Instructional Designers, Go-Live Support staff, or any other similarly-titled, hourly-paid position who have worked for the Defendant within the last three years;

- B. Authorize Representative Plaintiff's counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all Consultants, Trainers, Instructional Designers, Go-Live Support staff, or any other similarly-titled, hourly-paid position who have worked for the Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

- C. Certify Count I as a collective action;

D. Appoint Stephan Zouras, LLP and Gibbons Leis, PLLC as counsel for the Plaintiffs;

E. Declare and find that the Defendant committed one or more of the following acts:

   i. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly-situated persons who opt-in to this action;

   ii. Willfully violated provisions of the FLSA;

F. Award compensatory damages, including all overtime pay owed, in an amount according to proof;

G. Award liquidated damages on all compensation due accruing from the date such amounts were due;

H. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

I. Grant leave to amend to add claims under applicable state and federal laws;

J. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

K. For such further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

54. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Representative Plaintiff demands a trial by jury.

Dated: October 3, 2018                     Respectfully Submitted,


/s/ *Philip J. Gibbons, Jr.*
Philip J. Gibbons, Jr.
North Carolina Bar No. 50276
Craig L. Leis
North Carolina Bar No. 48582
14045 Ballantyne Corporate Place, Suite 325
Charlotte, NC 28277
(704) 612 0038
phil@gibbonsleis.com
craig@gibbonsleis.com

Ryan F. Stephan

Andrew C. Ficzko
STEPHAN ZOURAS, LLP
100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
(312) 233 1550
rstephan@stephanzouras.com
aficzko@stephanzouras.com

*Counsel for Plaintiff and the Putative Collective*