Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

PATRICK UDOEWA, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

                                    Civil Action 3:18-cv-000535

ETTAIN GROUP, INC.,

      Defendant.

## DECLARATION OF RYAN F. STEPHAN IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT

I, Ryan F. Stephan, declare under penalty of perjury as follows:

1.      I am a member of good standing of the Illinois State Bar and am a founder and principal of Stephan Zouras, LLP, one of the law firms retained by Named Plaintiff in the above-captioned collective action.

2.      I have been one of the lawyers primarily responsible for the prosecution of Plaintiff's claims on behalf of the collective in this case.

3.      I submit this declaration in support of Plaintiff's Unopposed Motion for Approval of Settlement. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

4.      The terms of the Parties' settlement are contained in the Settlement Agreement and Release, attached hereto as Exhibit A.

5.      I am admitted to the Trial Bar of the United States District Court for the Northern District of Illinois and have been admitted or admitted *pro hac vice* to the Southern and Eastern Districts of New York, the Superior Court for the State of California, the Eastern and Western Districts of

1

Missouri, the District of Maryland, the Eastern District of Michigan, the Southern District of Ohio, the Northern and Southern Districts of Florida, the Eastern District of Wisconsin, the Southern District of Indiana, the District of Massachusetts, the District of New Jersey, the District of Colorado, the District of Minnesota, the Eastern and Middle Districts of Pennsylvania, the Eastern and Western Districts of North Carolina, the Middle District of Tennessee, the Western District of Washington, the District of Arizona, the Northern District of Texas, and the Southern and Northern Districts of Iowa. I have also argued before various federal and state appellate courts as lead appellate counsel on at least fourteen occasions. I am also a member of the bar of the Supreme Court of the United States.

6.      Since approximately 2002, my practice has been highly concentrated in representing employees in cases arising under federal and state laws, including the Fair Labor Standards Act ("FLSA"), and comparable state wage and hour laws. The majority of these cases proceeded as class actions under Rule 23 of the Federal Rules of Civil Procedure, as collective actions under §216(b) of the FLSA and/or class action claims under state laws. In addition to the instant matter, I have been appointed lead or co-lead counsel on a large number of FLSA collective actions in the Northern District of Illinois, and throughout the United States.

7.      Stephan Zouras, LLP has extensive experience representing workers as lead counsel in numerous complex class and collective actions. I, along with my partner James B. Zouras, founded Stephan Zouras, LLP in 2007. Stephan Zouras, LLP has prosecuted and is actively prosecuting dozens of other individual, class and collective actions in federal and state courts, as well as in arbitration, throughout the United States. *See* Exhibit B, Stephan Zouras, LLP Firm Resume.

8.      Plaintiff's Counsel conducted a thorough investigation of the case, focusing on the underlying merits of the potential class and collective action members' claims, the damages to

which they were entitled, and the propriety of class and collective action certification. Plaintiff's Counsel obtained and reviewed documents from Plaintiff, including compensation agreements, pay records, and conducted in-depth interviews of Named Plaintiff.

9.      On October 3, 2018, Plaintiff filed his Collective Action Complaint alleging that Defendant violated the FLSA, and other state wage and hour laws, by improperly classifying his and other at-the-elbow support consultants ("ATEs") as exempt employees and failing to pay them proper overtime wages at time-and-one-half.

10.     The Gross Settlement Amount of $180,000 provides for substantial monetary recovery for 43 Settlement Collective Members, inclusive of the Named Plaintiff, representing almost 78% of the unliquidated damages identified by Plaintiff's Counsel as being owed to Plaintiff and Settlement Collective Members for unpaid half-time overtime wages. Each Settlement Collective Members' individual settlement award is based on the actual overtime hours they worked, so that individuals who worked more overtime during the relevant time period will receive a larger award compared to those who worked fewer hours.

11.     The Parties have agreed to retain Atticus Administration to serve as the Settlement Administrator.

12.     Plaintiff requests that the Court approve an award of one-third of the Gross Settlement Amount, or $60,000.00 as attorneys' fees, plus reimbursement of $1,200.00 in reasonable out-of-pocket costs and expenses incurred in litigating and resolving this matter.

13.     The Settlement here easily meets the standard for approval.  It is the product of well-informed judgments about the adequacy of the resolution.  The settlement was also the product of arm's-length, non-collusive negotiations.  Plaintiff's Counsel are intimately familiar with the strengths and weaknesses of the claims and defenses of this case, as well as the factual and legal

issues, sufficient to make an informed recommendation about the value of the claims, the time, costs and expense of protracted litigation, discovery, and appeals, and the adequacy of the Settlement reached. The stage of litigation has advanced to a state that Plaintiff's Counsel could fairly and fully evaluate the value of the Settlement. In my professional opinion, the Settlement is fair and reasonable in light of the risk, costs, and delay of further litigation.

14. The Settlement Award payments are being made available at an early stage of the litigation, taking into account the fact that a *bona fide* dispute exists as to whether Plaintiff and the Settlement Collective Members were properly classified as exempt employees and whether they would be able to recover overtime compensation.

15. Though it is expected that the majority of Collective Members will participate in the settlement, it is likely that less than 100% of Settlement Collective Members will cash a Settlement Award and Check Opt-In Form, and therefore will not be bound by the settlement and will not release any claims.

16. While Plaintiff was certain he would prevail on class and conditional certification and the merits of his claims, Defendant was also prepared to vigorously defend this case, namely by asserting numerous defenses to liability and disputing that Plaintiff's claims are appropriate for FLSA conditional and/or Rule 23 class certification. Defendant would have certainly argued that Plaintiff and the Collective Members were properly classified as exempt from the overtime requirements of the FLSA and applicable state wage and hour laws, in turn arguing that Plaintiff and the Collective Members are not owed any overtime compensation. Moreover, Defendant would have argued some of the Collective Members' claims have been previously released, and that Collective Members have been overpaid, entitling Defendant to a set-off.

17. Plaintiff, on behalf of himself and the collective, is willing to resolve his claims for less

than he might receive at trial, because it affords a guaranteed payment and will avoid the uncertainty of a class and conditional certification motion, a summary judgment motion, decertification, the possibility of counterclaims, and/or trial.

18.     Plaintiff believes that the settlement achieved is an excellent result for his and the collective members that provides immediate compensation without years of protracted litigation and delay, when taking into account the Parties' respective positions.

19.     Plaintiff's Counsel's efforts have been without compensation, and their entitlement to payment has been wholly contingent upon the result achieved.

20.     Plaintiff's Counsel entered into a retainer with Plaintiff, allowing Plaintiff's Counsel to apply for a reasonable percentage of the recovery as a contingency fee payment, plus actual out of pocket expenses.

21.     I am familiar with the practices of class action employment lawyers in the Northern District of Illinois, who routinely contract to receive one-third or more of any potential class settlement as compensation for taking on the risk of funding a potential multi-year litigation without any assurance of recovery.

22.     I am familiar with the market for legal services for attorneys in the federal district court for the Northern District of Illinois with reasonably comparable skill, experience, and reputation. The rates used for purposes of Stephan Zouras LLP's lodestar cross-check are consistent with these rates. Plaintiff's Counsel's most recent billing rates for purposes of the lodestar cross-check are as follows: $675 per hour for Ryan F. Stephan; $525 per hour for Andrew C. Ficzko; and $175 per hour for legal assistants. These hourly rates are consistent with and have been accepted and approved in other contingent litigation and are comparable to rates charged by Class Counsel in similar cases in Illinois and North Carolina.

23.     They are also consistent with the court-awarded hourly rates of $675 for the legal services

of myself and my partner, James B. Zouras, which were most recently approved by the Northern

District of Illinois in the matter of *Bhattacharya et al. v. Capgemini North America, Inc., et al.*,

Case No. 1:16-cv-07950 (Honorable Judge Matthew F. Kennelly, November 13, 2018).

24.     I am familiar with the market for legal services of associate attorneys in Chicago, Illinois

with three years of experience.  The rate used for the lodestar cross-check for Andrew C. Ficzko

is consistent with these rates. Andrew C. Ficzko is a partner employed by Stephan Zouras, LLP

since May, 2010.  He graduated from Drake University School of Law in 2009.

25.     I am familiar with the market for legal services of legal assistants in Chicago, Illinois with

reasonably comparable skill and experience as those employed by my firm.  The rate used for the

lodestar cross-check is consistent with these rates.

26.     The total number of hours expended on this litigation by Stephan Zouras, LLP is at least

97.8 hours, and the total lodestar for cross-check purposes is $43,427.50. Therefore, the fee amount

of $60,000 represents only 1.38 times the lodestar amount.

27.     I, along with my firm's legal staff, made a concerted effort to perform all work in a

thorough and efficient manner.

28.     It is my professional opinion that all work performed in the prosecution of this action, and

the number of hours spent for legal services, is fair and reasonable considering the nature of the

services performed and the results achieved.

29.     Plaintiff's Counsel's lodestar figures are based upon each firm's respective current billing

rates, which do not include charges for expense items. Expense items are billed separately and

such charges are not duplicated in Plaintiff's Counsel's billing rates.

30.     Stephan Zouras, LLP has incurred $1,194.71 in outstanding expenses in connection with

the prosecution of this litigation. Plaintiff's Counsel seek an award of $1,200 in reimbursable expenses.

31.     The expenses incurred in this action are reflected on Plaintiff's Counsel's books and records. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred. The expenses incurred are expenses normally charged to clients and were reasonable and necessary to prosecute the case. They are normal costs charged to clients and not part of Plaintiff's Counsel's overhead.

32.     It is my professional opinion that the expenses incurred were reasonable and necessary in the successful prosecution of this action.

33.     Named Plaintiff, Patrick Udoewa sacrificed his time to prosecute this lawsuit on behalf of his fellow current and former ATEs. He met, conferred, and corresponded with Plaintiff's Counsel on a very regular basis, staying abreast of current pleadings and settlement-related discovery.

34.     I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct

Dated: June 20, 2019                    Respectfully Submitted,

                                        */s/ Ryan F. Stephan*
                                        Andrew C. Ficzko
                                        Ryan F. Stephan
                                        STEPHAN ZOURAS, LLP
                                        100 N. Riverside Plaza, Suite 2150
                                        Chicago, Illinois 60606
                                        (312) 233-1550
                                        (312) 233-1560 *f*
                                        rstephan@stephanzouras.com

                                        **One of the Attorneys for Plaintiff and the**
                                        **Settlement Collective Members**

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

PATRICK UDOEWA, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

      Civil Action 3:18-cv-000535

ETTAIN GROUP, INC.,

      Defendant.

## SETTLEMENT AGREEMENT AND RELEASE

1.      This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiff Patrick Udoewa ("Named Plaintiff"), individually and on behalf of himself and all others similarly situated, and Defendant ettain group, Inc., ("Ettain" or "Defendant"), subject to the approval of the Court. Named Plaintiff and Defendant may be referred to herein collectively as the "Parties."

## RECITALS

2.      Named Plaintiff filed a Collective Action Complaint in the United States District Court for the Western District of North Carolina on October 3, 2018 (the "Lawsuit"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). In particular, Named Plaintiff alleges that he and others similarly situated were not paid overtime compensation for hours worked in excess of forty (40) at a rate of one and one-half times their regular rate of pay as required by the FLSA. As set forth in the Lawsuit, Named Plaintiff seeks to represent a proposed collective of all Persons who have held the position of Trainer or Go-Live and worked for Defendant in the healthcare space from December 21, 2015 to the present.

3.      Defendant submitted an Answer to Plaintiff's Complaint on December 10, 2018, denying all claims alleged by Named Plaintiff in the Lawsuit. On December 10, 2018, the Court entered a Notice instructing the Parties to conduct an Initial Attorney's Conference by December 25, 2018. On December 20, 2018, the Parties participated in an initial scheduling conference. Mindful of the costs associated with litigation, the Parties, at this time, agreed to work together to explore the possibility of an early resolution of the matter. Thereafter, the Parties collected and exchanged pre-discovery information and documentation to facilitate their settlement discussions, including electronic time and pay records for the potential collective, which Class Counsel reviewed and analyzed thoroughly.

1

4.    As a result of extensive settlement discussions and negotiations over the course of several months, the Parties have agreed to settle the Lawsuit according to the terms of this Settlement Agreement.

5.    Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Lawsuit. In agreeing to this Settlement, Named Plaintiff has considered: (a) the facts developed during the Parties' settlement discussions and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Named Plaintiff, along with Class Counsel, has concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Named Plaintiff and the Settlement Collective to settle their disputed claims against Defendant pursuant to the terms set forth herein.

6.    Defendant denies the allegations in the Lawsuit and denies any liability for alleged failure to pay overtime compensation, any alleged failure to make timely wage payments, or liability for any other allegation set forth in the Lawsuit. Defendant is entering into this Agreement for the purpose of eliminating the burden, risk, and expense of further litigation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Releasees (as defined herein) of any fault, liability or wrongdoing, which Defendant expressly denies.

7.    The Parties recognize that sending notice to Settlement Collective Members and the Court's approval of this Settlement, are required to effectuate the Settlement and are material terms of Settlement. The Parties agree that the Settlement will not become operative or effective until the Court grants its approval of it, the Settlement becomes Final within the meaning of this Agreement, and the Settlement Effective Date occurs.

8.    The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) are met. Should this Settlement not become Final or the Settlement Effective Date not occur, such stipulation to certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context. Defendant expressly denies that collective action treatment is appropriate in the litigation context or for trial and does not waive and expressly reserves its rights to challenge the propriety of certification for any purpose should the Court not approve this Settlement Agreement.

9.    In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that Named Plaintiff's and the Participating Collective Members' claims as described herein against Defendant shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Participating Collective Members' Released Claims shall be finally and fully compromised, settled and dismissed, with prejudice, as to the Defendant and Releasees, in the manner and upon the terms and conditions set forth below.

## DEFINITIONS

10.    The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.    "Approval" or "Approval Order" means the Court's Order finally and fully approving the Settlement and entering judgment, without modification or change to any material term herein.

b.    "Attorneys' Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they rendered to Named Plaintiff and the Settlement Collective in the Lawsuit.

c.    "Check Opt-in Form" means the language as specified in this Agreement that will appear on the back of every Settlement Award check issued to each Settlement Collective Member. The Parties acknowledge and agree that each Settlement Award check bearing the Check Opt-in Form is a material term of this Agreement and that no settlement could have been reached by the Parties without it.

d.    "Check Void Date" means the date on which all Settlement Award checks shall become void. All Settlement Award checks shall remain valid and negotiable for one hundred twenty (120) calendar days after the Initial Mailing of the Settlement Award check, after which all Settlement Award checks will thereafter be automatically voided if not cashed, deposited, endorsed or negotiated ("Cashed") within that 120 calendar day time after the Initial Mailing of the Settlement Award check. On and after the Check Void Date, any Settlement Award check will be deemed void and of no further force and effect, and shall revert to Defendant.

e.    "Class Counsel" means Stephan Zouras LLP.

f.    "Court" means the United States District Court for the Western District of

North Carolina.

g.    "Defendant" means ettain group, Inc.

h.    "Defendant's Counsel" means McGuireWoods LLP.

i.    "Final" shall mean, with respect to a judgment or order, that the judgment or order is final and appealable and either (a) no appeal, motion, or petition to review or intervene has been taken with respect to the judgment or order as of the date on which all times to appeal, move, or petition to review or intervene therefrom have expired, or (b) if an appeal, motion or petition to intervene or other review proceeding of the judgment or order has been commenced, such appeal, motion or petition to intervene or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the judgment or order in its entirety.

j.     "Gross Settlement Amount" means the maximum amount that Defendant shall pay in connection with this Settlement, in exchange for the release of the Participating Collective Members' Released Claims, and shall include, subject to Court approval, the Attorneys' Fee Award, an award of litigation costs to Class Counsel, a Service Award to Named Plaintiff, and settlement administration costs. The Gross Settlement Amount is the gross sum of One Hundred Eighty Thousand Dollars ($180,000.00). In no event shall: (i) the Gross Settlement Amount exceed this sum; or (ii) Defendant be required to pay more than the Gross Settlement Amount in connection with the Settlement. The Parties acknowledge and agree that Defendant's obligation to pay no more than the Gross Settlement Amount is a material term of this Agreement.

k.     "Initial Mailing" means the first date on which the Settlement Administrator mails the Settlement Notice with Settlement Award to all Settlement Collective Members.

l.     "Lawsuit" means the above captioned lawsuit.

m.     "Named Plaintiff" means Patrick Udoewa.

n.     "Net Settlement Amount" means the Gross Settlement Amount *less*: (i) the Service Award to Named Plaintiff (ii) the payment of the Attorneys' Fee Award, not to exceed one-third (1/3) of the Gross Settlement Amount, plus the payment of out-of-pocket costs incurred by Class Counsel, which are ($1,500); and (iii) the Settlement Administrator's costs related to administering this Settlement, not to exceed Six Thousand Dollars ($6,000). The Parties acknowledge that all of these amounts are subject to the Court's approval. Any amounts requested but not approved by the Court shall revert to the Net Settlement Amount and be eligible for distribution to Settlement Collective Members.

o.     "Participating Collective Member" means all Settlement Collective Members who Cash their Settlement Award before the Check Void Date, without altering the language on the Check Opt-in Form, and whose Settlement Award is approved for payment by the Settlement Administrator after performing Reverse Positive Pay services, as set out in more detail in Paragraphs 10(u) and 16(a). Named Plaintiff shall be deemed a Participating Collective Member and his claims shall be finally, fully and forever released by virtue of his execution of this Settlement Agreement.

p.     "Participating Collective Members' Released Claims" means all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses and losses and issues of any kind or nature whatsoever, whether known or unknown, against Defendant or Releasees that were or could have been asserted in the Complaint as of the date the Court grants Approval of this Settlement, including, but not limited to, all state and federal statutory, regulatory, constitutional, contractual or common law claims for wages, unpaid wages, unpaid minimum wage or overtime wages, untimely paid wages, claims relating to wage payment, or other claims of any nature for wages, overtime wages, and claims for any other form of compensation (including unjust enrichment or quantum meruit), including any and all claims for damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, arising out of or based upon alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and any similar, parallel, related or derivative state law claims. In addition, "Named Plaintiff Released Claims" includes any and all claims, demands,

obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs under local, state, or federal law, which have been or could have been asserted against the Releasees arising out of or relating to Named Plaintiff's employment with Defendant and termination thereof (as applicable) and/or any other event, act, occurrence, or omission taking place on or before the date the Court grants a Final Approval Order. "Named Plaintiff Released Claims" includes, but is not limited to, all claims for breach of express or implied contract or covenant of good faith and fair dealing, negligent hiring, negligent supervision, all claims for retaliation or violation of public policy, all claims arising under federal or state statutes, including but not limited to, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Fair Labor Standards Act ("FLSA"), the Equal Pay Act, the Age Discrimination in Employment Act ("ADEA"), the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), the Employee Retirement Income Security Act ("ERISA"), or any other federal, state or local laws (statutory or common law) relating to employment or benefits associated with employment, claims for punitive damages, emotional distress, mental anguish, personal injury, any and all claims that may be asserted by Named Plaintiff, or asserted on Named Plaintiff's behalf by others, as well as any and all claims that were asserted or that could have been asserted by Named Plaintiff in the Lawsuit. Provided, however, "Named Plaintiff Released Claims" does not include claims that may not be released as a matter of law.

        q.     "Parties" means the parties to this Agreement, *i.e.*, Named Plaintiff and Defendant.

        r.     "Person" means individuals as well as corporations and associations existing under or authorized by federal law or the law of any state.

        s.     "Releasees" means Defendant and its past and present parent companies, subsidiaries, divisions, and joint ventures, and all of its and their past and present shareholders, officers, directors, employees, agents, servants, owners, members, investors, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, registered representatives, attorneys, insurers, partners, profit sharing, savings, health and other employee benefit plans of any nature, the successors of such plans and those plans' respective trustees, administrators, agents, employees, attorneys, fiduciaries, and other persons acting on its or their behalf, and each of them, and the predecessors and successors, assigns and legal representatives of all such entities and individuals.

        t.     "Reminder Notice" means the notice without material change to the notice attached hereto as Exhibit B.

        u.     "Reverse Positive Pay" means the process by which the Settlement Administrator shall review Settlement Award checks that have been Cashed to confirm that the Check Opt-in Form language has not been altered, that the Settlement Award check has been signed by the intended recipient, and that the Settlement Award check has not been previously Cashed. The Claims Administrator shall perform the Reverse Positive Pay duties the same business day as the Settlement Award is Cashed, and direct the bank to reject payment on any Settlement Award check that show alterations to the Check Opt-in Form language, that are not signed by the intended recipient, or that previously have been Cashed. The Parties acknowledge and agree that the Parties' agreement that the Settlement Administrator perform Reverse Positive Pay services

and rejection for payment of Settlement Awards consistent with this paragraph is a material term of this Agreement and that no Settlement could have been reached by the Parties without it.

      v.     "Service Award" means the sum paid to Named Plaintiff for his efforts in bringing and prosecuting this matter in a sum amount of Ten Thousand Dollars ($10,000.00).

      w.     "Settlement Administrator" means Atticus Administration, subject to the approval of the Court.

      x.     "Settlement Award" means the total payment that each Settlement Collective Member shall be entitled to receive pursuant to the terms of this Agreement.

      y.     "Settlement Collective" or "Settlement Collective Member" means the Named Plaintiff, and all Persons employed by Defendant as a Trainer or Go-Live as set forth in the Complaint in the Lawsuit from December 21, 2015 to the present, compensated on an hourly basis, and who worked more than forty (40) hours in a work week for which they did not receive overtime pay at a rate of one and one-half (1 ½) their regular rate. Defendant represents there are a total of forty-three (43) Settlement Collective Members at issue in this Lawsuit, and Defendant recognizes this representation is a material term of this Settlement Agreement.

      z.     "Settlement Effective Date" means the first business day after the Court's Approval Order becomes Final.

      aa.     "Settlement Notice" means the Notice of Collective Action Settlement to be sent to the Settlement Collective Members and substantially in the form of Exhibit A, attached hereto, or as otherwise approved by the Court.

      bb.     As used in this Settlement Agreement, the plural form of any definition above or elsewhere includes the singular, and the singular form of any definition includes the plural.

## RELEASES

      11.     In exchange for the consideration set forth in this Settlement Agreement, Named Plaintiff and Participating Collective Members agree to release all claims as set forth herein.

      12.     All Settlement Collective Members will receive a Notice of Settlement, a Settlement Award and a Check Opt-in Form. Only those Settlement Collective Members who Cash their Settlement Award prior to the Check Void Date, and whose Check Opt-in Form is unaltered and deemed sufficient by the Settlement Administrator after performing Reverse Positive Pay services, shall be deemed to have participated in the Settlement and will become Participating Collective Members. The rights of Settlement Collective Members who do not become Participating Collective Members shall not be implicated, impacted or effected by the Settlement. Participating Collective Members shall release and be deemed to have released, fully, finally and with prejudice, the Participating Collective Members' Released Claims. Named Plaintiff shall be deemed a Participating Collective Member by virtue of having executed this Agreement.

6

13. **Participating Collective Members' Released Claims**. With the Cashing of a Settlement Award, or in the case of Named Plaintiff by virtue of having executed this Agreement, Participating Collective Members shall release and discharge, Defendant and all Releasees, finally, forever and with prejudice, of and from all Participating Collective Members' Released Claims.

14. The Parties acknowledge and agree that the foregoing Participating Collective Members' Release is a material term of this Agreement and that no Settlement could have been reached by the Parties without it.

15. **Check Opt-in Form**. All Settlement Award checks will include, on the back, a Check Opt-in Form, which will consist of the following printed language, and will constitute a consent to join the Lawsuit, as required by the FLSA, for settlement purposes only, and will also constitute the Participating Collective Member's agreement to the release of Participating Collective Members' Released Claims, including all FLSA, federal and state wage and hour claims, and their agreement to a covenant not to sue:

> VOID IF ALTERED OR NOT CASHED BEFORE [DATE] POSITIVE I.D. IS REQUIRED SIGNED ENDORSEMENT BY NAMED PAYEE IS REQUIRED

> By signing or cashing this check, I consent to join the lawsuit *Udoewa v. Ettain Group, Inc. ("Ettain")*, Case No. 3:18-cv-000535, now pending in the United States District Court for the Western District of North Carolina, to recover alleged unpaid overtime wages for the time I worked for Defendant as a Trainer and/or Go-Live and by signing below, I direct Class Counsel, as my attorney, to file evidence of my consent with the Court, by filing this Check Opt-in Form with the Court, and I, irrevocably and unconditionally, agree to release, and covenant not to sue, the Releasees for the released claims defined in the notice of settlement I received, including the claims arising under the Fair Labor Standards Act.

> Endorsed: _____
> [PAYEE'S NAME PRINTED BY ADMINISTRATOR]

16. **Reverse Positive Pay Services**.

a. The Settlement Administrator shall perform Reverse Positive Pay services on all Settlement Award checks Cashed by Settlement Collective Members. The Settlement Administrator will reject payment of any Settlement Award check that has a Material Alteration to the Check Opt-in Form, has not been signed by the intended payee, or that has previously been Cashed. For purposes of this paragraph, "Material Alteration" shall mean any alteration or change to the Check Opt-in Form or the Check Opt-in Form language that (i) changes or negates the release of claims, covenant not to sue, or the Settlement Collective Member's consent to opt into the Lawsuit; (ii) eliminates words or phrases, or (iii) otherwise adds to, eliminates or changes the meaning of the text on the Check Opt-in Form. In the event the Settlement Administrator rejects a Settlement Award, the Settlement Administrator will notify the Settlement Collective Member

whose Settlement Award check was rejected for payment, within seven (7) business days, of: (i) the fact of the rejection; (ii) the reason for rejection, and (iii) the manner and time period for reissuance and proper negotiation of a new Settlement Award check. In no circumstances, shall the Check Void Date be extended. The form of this notice shall be prepared by the Settlement Administrator and approved by the parties, and shall be delivered via First Class U.S. Mail to the address provided by Defendant's Counsel or to any updated address obtained by the Settlement Administrator for any Settlement Collective Member.

      b.     The Settlement Administrator shall, on a weekly basis, provide copies of Check Opt-in Forms that the Settlement Administrator has approved for payment to Class Counsel and Defendant's Counsel. Class Counsel shall, within two (2) business days of receiving such Check Opt-in Forms from the Settlement Administrator file copies of such Check Opt-in Forms on the docket in the Lawsuit.

      17.     Participating Collective Members shall be deemed an opt-in party plaintiff under the FLSA for purposes of the Settlement. The Settlement Notice will explain that by Cashing the Settlement Award check, the Participating Collective Member will be: (i) electing to opt into the Settlement; (ii) authorizing Class Counsel to file with the Court evidence of his or her consent to join the Settlement of the Lawsuit as a party plaintiff, such as his or her name and a copy of the Check Opt-in Form; (iii) asserting a claim under the FLSA and any applicable state and/or local laws for all wages, including disputed overtime claims, that allegedly have not been paid; and (iv) releasing and agreeing not to sue or otherwise make a claim under the FLSA and any applicable state and/or local wage and hour, and payment of wages laws.

      18.     **Covenant Not to Sue**. Named Plaintiff and Participating Collective Members, to the fullest extent allowed by law, are prohibited from asserting any claims released by them under this Settlement Agreement, and from commencing, joining in, prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against the Releasees, based on claims released by them in this Settlement. The Parties acknowledge and agree that the Covenant Not to Sue is a material term of this Agreement and that no Settlement could have been reached by the Parties without it.

      19.     **Uncashed Settlement Awards**. Any Settlement Awards that are not Cashed prior to the Check Void Date, or which have been rejected by the Settlement Administrator as a result of Reverse Positive Pay services and not timely Cashed thereafter prior to the Check Void Date, shall revert to Defendant. Within three (3) business days of the Check Void Date, the Settlement Administrator shall refund to Defendant all such funds. The Parties acknowledge and agree that this Paragraph is a material term of this Agreement and that no Settlement could have been reached by the Parties without it.

### CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

      20.     The Parties agree to the following procedures for obtaining Approval of the Settlement, certifying the Settlement Collective, and notifying the Settlement Collective of the Settlement:

      a.     **Request for Certification and Approval Order**. Named Plaintiff shall file an Unopposed Motion for Approval of Settlement Agreement, requesting that the Court:

        i.      certify the Settlement Collective pursuant to 29 U.S.C. § 216(b) for the sole purpose of settlement;

        ii.      approve the Settlement and its terms as fair, reasonable and sufficient and direct that the Lawsuit be dismissed with prejudice and in full and final discharge of any and all Participating Collective Members' Released Claims, but to retain jurisdiction to enforce the terms of this Agreement;

        iii.      approve the requested Service Award, Attorneys' Fee Award, and costs to Class Counsel, as well as the designation of the Settlement Administrator and approval of Settlement Administrator fees;

        iv.      approve the proposed form of the Settlement Notice and method of distribution as the best notice practicable under the circumstances;

        v.      approve the Parties' request that the docket remain open so that a Check Opt-in Form may be filed on the docket by Class Counsel on behalf of each Participating Collective Member, and further approve the Parties' proposed method of filing Check Opt-in Forms with the Court as fair, reasonable and sufficient to constitute a consent to join the Lawsuit, as required by 29 U.S.C. § 216(b), on behalf of each Participating Collective Member; and

        vi.      direct that the Gross Settlement Amount be distributed in accordance with the terms of this Settlement Agreement.

        b.      Named Plaintiff shall provide Defendant's Counsel with a copy of a draft Unopposed Motion for Approval of Settlement Agreement at least seven (7) business days in advance of filing it with the Court. The Unopposed Motion for Approval of Settlement Agreement shall not be filed without Defendant's approval.

        c.      **Settlement Notice**. The Settlement Administrator shall be responsible for preparing, printing and mailing the Settlement Notice and the Settlement Award with Check Opt-in Form to Named Plaintiff and Settlement Collective Members.

        d.      Within five (5) business days after the Settlement Effective Date, Defendant shall provide to the Settlement Administrator an Excel chart containing the names, unique identifier, last known addresses, social security or tax ID numbers of each Settlement Collective Member, along with the total number of overtime hours that each Settlement Collective Member worked. Defendant's records shall control with respect to who is a Settlement Collective Member and the total number of overtime hours worked by each Settlement Collective Member. Prior to the Initial Mailing, if the Parties determine that a person previously identified as being a Settlement Collective Member is not a Settlement Collective Member, or that a Person not previously identified as a Settlement Collective Member is a Settlement Collective Member, the Settlement Administrator shall promptly make such correction as appropriate.

        e.      Within five (5) business days after the Settlement Effective Date, Defendant shall provide to Class Counsel data, in anonymized form, setting out the total number of overtime hours that each Settlement Collective Member worked. This data will exclude the names, social

security numbers, and contact information of the Settlement Collective Members, but will include a unique identifier for each Settlement Collective Member.

       f.     In order to provide the best notice practicable, the Settlement Administrator, prior to mailing the Settlement Notice and Settlement Award with Check Opt-in Form, will take reasonable efforts to identify current addresses via public and proprietary systems and run a skip trace.

       g.     **Initial Mailing**. Within thirty (30) business days after the Settlement Effective Date, the Settlement Administrator shall send via First Class U.S. Mail to the address provided by Defendant's Counsel, or to any updated address obtained by the Settlement Administrator or provided by Class Counsel, the Court-approved Settlement Notice with Settlement Award and Check Opt-in Form to the Settlement Collective Members, including Named Plaintiff ("Initial Mailing"). The Settlement Administrator shall provide prompt notice to Class Counsel and Defendant's Counsel upon completion of the Initial Mailing, and shall also include a statement of the total value of the Net Settlement Amount that has been distributed to Settlement Collective Members.

       h.     **Reminder Notice**. Sixty (60) calendar days after the Initial Mailing, the Settlement Administrator shall send a reminder notice, in the form attached hereto as Exhibit B ("Reminder Notice"), via First Class U.S. Mail to the address provided by Defendant's Counsel, or to any updated address obtained by the Settlement Administrator or provided by Class Counsel, to any Settlement Collective Member who was sent, but has not yet Cashed their Settlement Award. Persons who sought to Cash a Settlement Award that is rejected by the Settlement Administrator after performing Reverse Positive pay services shall not receive a Reminder Notice.

       i.     **Returned Mail**. Any Settlement Notice and Settlement Award returned to the Settlement Administrator with a forwarding address shall be re-mailed within three (3) business days following receipt of the returned mail. If any Settlement Notice and Settlement Award is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts to search for the correct address, and shall promptly re-mail the Settlement Notice and Settlement Award with Check Opt-in Form to any newly found address. In no circumstance shall such re-mailing extend the Check Void Date.

    21.    **Report by the Settlement Administrator**. On a weekly basis beginning on the date of the Initial Mailing and continuing until three (3) business days following the Check Void Date, the Settlement Administrator shall provide to Class Counsel and to Defendant's Counsel a report providing notice of: (a) the total number of Settlement Collective Members whose Check Opt-in Forms the Settlement Administrator has approved for payment and the total value of such Settlement Awards; (b) the total number of Settlement Collective Members whose Check Opt-in Forms the Settlement Administrator has rejected for payment, the reason for such rejection, and the total value of such Settlement Awards; (c) the total number of Settlement Notices that were returned to the Settlement Administrator as undeliverable and the number that were re-mailed; and (d) any other information requested by the Parties; except that Class counsel shall not be provided with the names, last known addresses, social security or tax ID numbers of any Settlement Collective Member.

## SETTLEMENT FUNDS AND AWARD CALCULATION

22. **Gross Settlement Amount**.

      a.   **Deposit**. Within fourteen (14) business days following the Settlement Effective Date, Defendant shall electronically transfer the Gross Settlement Amount to the Settlement Administrator. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1, *et seq*. The Settlement Administrator shall provide Defendant's Counsel with an escrow agreement five (5) business days in advance of any such transfer. The Settlement Administrator shall provide Defendant with all necessary tax paperwork as soon as practicable after receipt of the funds. Defendant shall execute and return tax documents to the Settlement Administrator, to the extent necessary, which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.

      b.   **Disbursement by Settlement Administrator**. All disbursements shall be made from the Qualified Settlement Fund and the Settlement Administrator shall serve as a Trustee of the Qualified Settlement Fund. The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

23.   **Payments**. Subject to Court approval, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

      a.   **Service Award to Named Plaintiff**. Subject to the Court's approval, and provided Named Plaintiff executes this Settlement Agreement, Named Plaintiff shall receive ten thousand dollars ($10,000.00) for his efforts in bringing and prosecuting this matter. The Settlement Administrator shall issue a Form 1099 to Named Plaintiff for this payment. Service Award shall be paid within twenty-one (21) business days after the Settlement Effective Date. The award of a Service Award at less than the amount requested by Named Plaintiff does not give rise to a basis to abrogate this Agreement. There shall be no appeal of any decision by the Court relating to an award of the Service Award. Should the Court approve a Service Award in an amount less than requested, the unapproved portion or portions shall be included in the Net Settlement Amount.

      b.   **Attorneys' Fee Awards and Costs**.

            i.   Subject to the Court's approval, Class Counsel shall receive an Attorney's Fee Award in an amount up to one-third (1/3) of the Gross Settlement Amount, i.e., Sixty Thousand ($60,000.00) which will compensate Class Counsel for all work performed in the Lawsuit as of the date of this Settlement Agreement, as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, obtaining final dismissal of the Action and making sure that the Settlement is fairly administered and implemented. In addition, Class Counsel shall, subject to Court approval, receive reimbursement of their out-of-pocket costs approved by the Court, of One Thousand and Five Hundred dollars ($1,500). These payments of attorneys' fees and costs shall be made within twenty-one (21) business days after the Settlement Effective Date. The award of attorneys' fees and costs at less than the amount requested by Class Counsel does not give rise to a basis to abrogate this Agreement.

There shall be no appeal of any decision by the Court relating to an award of attorneys' fees to Class Counsel. Should the Court approve attorneys' fees or costs in amounts less than requested, the unapproved portion or portions shall be included in the Net Settlement Amount.

ii. The attorneys' fees and costs paid by Defendant pursuant to this Agreement, out of the Gross Settlement Amount, shall constitute full satisfaction of Defendant's obligations to pay amounts as fees or costs in this Action on behalf of any Settlement Collective Member, and shall relieve Defendant from any other claims or liability for any attorneys' fees or costs in connection with the Lawsuit.

iii. The Settlement Administrator shall issue a Form 1099-MISC to Class Counsel for the Attorneys' Fee Award and costs. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them. A condition precedent to the payment to Class Counsel of the Attorneys' Fee Award and costs is the Settlement Administrator's receipt of completed and executed IRS Form W-9 from Class Counsel.

24. **Settlement Administration Costs**. Settlement Administration costs shall be paid from the Gross Settlement Amount. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement, which are estimated to be Six Thousand Dollars ($6,000).

25. **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**. No Person shall have any claim against Defendant and Releasees, Class Counsel, Defendant's Counsel, or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

26. **Settlement Award Eligibility**. All Settlement Collective Members shall receive a Settlement Award from the Net Settlement Amount. The Settlement Administrator shall be responsible for determining eligibility for, and the amount of, the Settlement Award to be paid to Settlement Collective Members based on Defendant's records and on the following formula:

a. The amount of Twenty-Five Dollars ($25.00) per Settlement Collective Member will be deducted from the Net Settlement Amount prior to the determination of *pro rata* individual settlement shares and will be allocated to each Settlement Collective Member so that each Participating Collective Member receives at least Twenty-Five Dollars ($25.00).

b. In addition to the Twenty-Five Dollars ($25.00) set out in (a) above, each Settlement Collective Member shall be eligible to receive a *pro rata* portion of the Net Settlement Amount based on the number of hours over forty hours in a workweek the Settlement Collective Member worked as reflected in Defendant's records (the "Overtime Hours").

c. The Net Settlement Amount shall be divided by the total number of Overtime Hours worked by all Settlement Collective Members to reach a dollar figure per Overtime Hour ("Overtime Hour Value.") Each Settlement Collective Member shall receive a

Settlement Award that is the result of multiplying the Overtime Hour Value by the Settlement Collective Member's individual Overtime Hours.

27.     In addition to other information in the Settlement Notice, the Settlement Notice shall include an explanation of the distribution formula, as set out above.

28.     All Settlement Award determinations shall be based on Defendant's payroll and timekeeping records.

29.     The Settlement Administrator shall allocate fifty percent (50%) of the total Settlement Award to each Settlement Collective Member to wages (to be reported on an Internal Revenue Service ("IRS") Form W-2) and fifty percent (50%) of the total Settlement Award to each Collective Member to non-wage compensation (to be reported on an IRS Form 1099) and, accordingly, issue two Settlement Award checks to each Settlement Collective Member. The Settlement Administrator shall be responsible for withholding and timely remitting and reporting all taxes to the appropriate taxing authorities.

30.     The Settlement Award to Settlement Collective Members attributed to wages shall be subject to all required employee-paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state or local-specific statutory deductions) and other authorized or required deductions (garnishments, tax liens, child support, etc.). The Settlement Award to Settlement Collective Members attributed to non-wage compensation shall be treated as non-wage income. Payment of Defendant's share of the taxes on the payments to Settlement Collective Members will be paid by Defendant.

31.     Class Counsel and Defendant's Counsel do not intend for this Settlement Agreement to constitute legal advice relating to the tax liability of any Settlement Collective Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties. Named Plaintiff and Participating Collective Members are each solely responsible for correctly characterizing this compensation for tax purposes and paying any taxes due. Defendant shall have no liability to any tax authorities for the tax treatment of the Settlement Payments as set forth in this Agreement and approved by the Court.

## PROHIBITION ON PRESS AND PUBLICITY

32.     The Parties shall keep the terms of this Settlement Agreement confidential until Named Plaintiff files the motion for approval of this Settlement Agreement with the Court. Thereafter, the Parties and their counsel agree that they will not issue any press releases or press statements, post any internet disclosures, have any communications with the press or media about the Settlement, or otherwise publicize the terms of this Settlement Agreement in any medium, except on Class Counsel's website or through webpages and links intended to inform Settlement Collective Members about the settlement and its terms, the Court's orders in the Lawsuit, and to maximize participation in the Settlement. If counsel for any Party receives any inquiry about this settlement from the media, counsel will either not respond or otherwise state "the case has been resolved."

Notwithstanding the foregoing, the Parties shall have the right to disclose this Settlement Agreement as may be required under federal or state tax and/or securities laws or under generally accepted accounting principles, and may disclose in legal proceedings a summary of the terms of this Settlement Agreement. The Named Plaintiff also shall have the right to disclose the Settlement Agreement to his tax and legal advisors and spouse. The Parties further agree and acknowledge that nothing herein shall prevent Class Counsel from referring or citing to this Lawsuit and the pleadings and other papers filed in obtaining approval of this Settlement Agreement in any court filings and proceedings in other cases for the purposes of demonstrating their experience and adequacy as class counsel.

## MISCELLANEOUS

33.    **No Admission of Liability**.  This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Releasees of any fault or liability or wrongdoing. Similarly, this Settlement Agreement and all related documents shall not be construed as an admission or concession that collective action treatment is or would be appropriate in the Lawsuit for any reason outside of the settlement context. Defendant enters into this Settlement Agreement to avoid further expense and disruption to its business. The Parties acknowledge and agree that liability for the actions that are the subject matter of the Lawsuit is disputed by Defendant.

34.    **Effect of Non-Approval**.  In the event that this Settlement Agreement is not approved by the Court for any reason in the form submitted by the Parties, the Parties will attempt in good faith to address any concerns raised by the Court and resubmit a revised settlement agreement for approval to the Court.  If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation.  In addition, upon nullification of the Agreement pursuant to this Paragraph, the Gross Settlement Amount, to the extent already deposited with the Settlement Administrator, will be returned to Defendant.

35.    **Participation in Settlement**. The Parties agree that neither they nor their counsel shall encourage any Settlement Collective Member to not participate in the Settlement or to appeal the Final Approval Order or other Order dismissing the Lawsuit with prejudice.

36.    **Representation by Counsel**.  The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Settlement Agreement and that this Settlement Agreement has been executed with the consent and advice of counsel.

37.    **Inadmissibility of Settlement Agreement**.  Except for purposes of settling this Lawsuit, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any

purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

38. **Computation of Time**. For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6), such time period shall be continued to the following business day. The term "days" shall mean business days unless otherwise noted.

39. **Interim Stay of Proceedings**. The Parties agree to hold in abeyance all proceedings in the Lawsuit, except such proceedings necessary to implement and complete the Settlement.

40. **Amendment or Modification**. This Agreement may be amended or modified only by a written instrument signed by Class Counsel/Defendant's Counsel for all Parties or their successors in interest. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

41. **Entire Settlement Agreement**. This Agreement with exhibits constitutes the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any of the Parties concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledge that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement. No rights hereunder may be waived except in writing.

42. **Authorization to Enter Into Settlement Agreement**. The Parties warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to affect the implementation of the Agreement.

43. **Binding on Successors and Assigns**. This Agreement shall be binding upon, and inure to the benefit of Named Plaintiff, Defendant, the Settlement Collective Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

44. **Counterparts**. This Settlement Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies

thereof (including PDF, facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

45. **No Signature Required by Settlement Collective Members**. Only the Named Plaintiff will be required to execute this Settlement Agreement. The Settlement Notice will advise all Settlement Collective Members of the binding nature of the release and covenant not to sue, and such shall have the same force and effect as if this Settlement Agreement were executed by each Participating Collective Member.

46. **Attorneys' Fees, Costs and Expenses**. Except as otherwise specifically provided herein, the Parties and all Participating Collective Members shall bear responsibility for their own attorneys' fees, costs and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any part to this Agreement. However, in the event of any dispute to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of their reasonable attorneys' fees and costs from the non-prevailing party.

47. **Cooperation and Drafting**. The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

48. **Governing Law**. All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of North Carolina.

49. **Jurisdiction of the Court**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, including for purposes of overseeing settlement administration matters to the extent necessary, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**NAMED PLAINTIFF:** _____  Date: _____, 2019
Patrick Udoewa

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____  Date: _____, 2019
Ryan F. Stephan
Andrew C. Ficzko
**STEPHAN ZOURAS, LLP**
100 North Riverside Plaza,
Suite 2150
Chicago, Illinois 60606
(312) 233 1550
rstephan@stephanzouras.com
aficzko@stephanzouras.com

**DEFENDANT:** _~Caroline B Ken~_  Date: June 13, 2019
ETTAIN GROUP, INC.

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_____  Date: June 20, 2019
John G. McDonald
Meredith A. Pinson
**McGuireWoods LLP**
201 North Tryon Street
Suite 3000
Charlotte, NC 28202-2146
704-343-2000
jmcdonald@mcguirewoods.com
mpinson@mcguirewoods.com

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**NAMED PLAINTIFF:** Patrick Udoewa

Patrick Udoewa

Date: June 18th, 2019

**APPROVED AS TO FORM BY CLASS COUNSEL:**

Ryan F. Stephan
Andrew C. Ficzko
**STEPHAN ZOURAS, LLP**
100 North Riverside Plaza,
Suite 2150
Chicago, Illinois 60606
(312) 233 1550
rstephan@stephanzouras.com
aficzko@stephanzouras.com

Date: 6/18, 2019

**DEFENDANT:** Caroline B New

ETTAIN GROUP, INC.

Date: June 13, 2019

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

John G. McDonald
Meredith A. Pinson
**McGuireWoods LLP**
201 North Tryon Street
Suite 3000
Charlotte, NC 28202-2146
704-343-2000
jmcdonald@mcguirewoods.com
mpinson@mcguirewoods.com

Date: _____, 2019

# Exhibit B



# FIRM PROFILE

**STEPHAN ZOURAS, LLP** is a national law firm which concentrates on helping our clients in complex class and individual litigation. The firm is widely recognized for its leadership, skill, integrity and experience litigating wage and hour law and other employment disputes, mass torts and catastrophic personal injury, consumer protection, cybersecurity, products liability and other complex litigation. We are routinely appointed lead or co-lead counsel in high-stakes, groundbreaking, rapidly-developing areas with far-reaching impact.

Our Chicago-based firm takes pride in litigating cases and getting the best possible results in federal and state courts throughout the United States at both the trial and appellate levels. The firm's two founding partners, James B. Zouras and Ryan F. Stephan, have successfully prosecuted claims ranging from individual wrongful death and other catastrophic injury cases to complex, multi-district class and collective actions which have collectively resulted in a recovery of more than $100,000,000 for over 100,000 individuals. Stephan Zouras, LLP has "substantial class action experience [and] have secured multi-million-dollar class recoveries...." *Bhattacharya v. Capgemini North America, Inc.*, 324 F.R.D. 353, 363 (N.D. Ill. 2018) (Kennelly, J.)

# PRINCIPAL ATTORNEYS

**JAMES B. ZOURAS** is a founding principal of Stephan Zouras, LLP. Dedicating his entire career to combating corporate abuse and injustice, Jim has helped thousands of people recover tens of millions of dollars in damages in individual and class actions arising under federal wage and hour laws including the Fair Labor Standards Act ("FLSA") and comparable state wage laws, other complex litigation, and catastrophic personal injury actions involving wrongful death, vehicle crashes, products liability, premises liability and construction negligence. Jim has been appointed lead or co-lead counsel on dozens of contested class actions throughout the United States. He has successfully tried over a dozen jury trials and argued over 14 appeals as lead appellate counsel before the federal and state appellate courts. In 2000, Jim was named among the *Chicago Daily Law Bulletin's* "Top 40 Lawyers Under Age 40," one of the youngest lawyers ever bestowed that honor. Jim and his cases have been profiled by numerous media outlets including the Chicago Tribune, the Chicago Sun-Times, Bloomberg BNA, Billboard Magazine and TMZ. Jim has also been interviewed by CBS Consumer Watch. Jim is frequently invited as a speaker at national class action litigation seminars. Jim is a 1995 graduate of DePaul University College of Law, where he served as Editor of the Law Review and graduated in the top 10% of his class.

**RYAN F. STEPHAN** is a founding principal of Stephan Zouras, LLP. Throughout his career, Ryan has been a passionate advocate for employee rights, and has helped thousands of clients recover damages in unpaid overtime, employment disputes, business litigation, products liability and personal injury cases. Ryan has successfully tried cases to verdict including obtaining a $9,000,000 verdict on behalf of 200 employees who were misclassified and denied overtime pay. Ryan has also served as lead or co-lead counsel on dozens of complex class and collective action cases involving wage and hour matters and has helped recover damages for tens of thousands of wronged employees. In these cases, Ryan has helped establish precedent in wage and hour law, forced major corporations to change unlawful employment practices and helped recover tens of millions of dollars in unpaid wages for his clients. Ryan and his cases have been profiled by numerous media outlets including Good Morning America, Fortune, ESPN, Fox News, The Guardian, The New York Times, Think Progress, USA Today and Vice Sports. Ryan is a 2000 graduate from Chicago Kent College of Law



Ryan and Jim are admitted to the United States Supreme Court as well as the Trial Bar of the United States District Court for the Northern District of Illinois. In addition, they have been admitted or admitted *pro hac vice* to prosecute class actions in the Southern and Eastern Districts of New York, the District of New Jersey, the Eastern and Middle Districts of Pennsylvania, the Western District of North Carolina, the Superior Court for the State of California, the Central District of Illinois, the District of Minnesota the Eastern District of Michigan, the Eastern District of Missouri, the District of Maryland, the Southern District of Ohio, the Northern, Middle and Southern Districts of Florida, the Northern District of Texas, the District of Massachusetts, the District of Minnesota, the First Judicial District of Pennsylvania, the Western District of Washington and the Southern and Northern Districts of Iowa.

In every consecutive year since 2009, *Chicago Magazine's* Super Lawyer Section selected both Jim and Ryan as two of the top attorneys in Illinois, a distinction given to no more than 5% of the lawyers in the state.

## PARTNERS

**ANDREW C. FICZKO** is a partner of Stephan Zouras, LLP. A tireless fighter for working people, Andy has spent his entire professional career litigating on behalf of employees in class and collective actions nationwide. Andy has helped thousands of clients recover damages in cases involving unpaid minimum and overtime wages and other benefits. Andy served as the second chair in two major federal jury trials to verdict on behalf of Plaintiffs in wage and hour matters and one state jury trial to verdict on behalf of Plaintiffs in a breach of contract matter. A 2009 graduate from Drake University Law School in 2009, Andy is admitted to the Trial Bar of the United States District Court for the Northern District of Illinois has been admitted *pro hac vice* to the Southern District of New York, the Southern and Northern Districts of Iowa, District of Massachusetts, Eastern District of Pennsylvania, and the Western District of Washington. In every consecutive year since 2014, Andy has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

**TERESA M. BECVAR** is a partner of Stephan Zouras, LLP. A steadfast advocate for individual rights, Teresa has helped thousands of clients hold corporations accountable in employment and consumer protection cases. Teresa has extensive experience in a wide range of employment cases, including wage and hour class and collective actions and employment discrimination. Teresa is a 2013 graduate of Chicago-Kent College of Law, where she served as Editor of the Law Review and graduated in the top 15% of her class. Teresa has been admitted *pro hac vice* to the Eastern and Southern Districts of New York, the Western District of Washington, the Middle District of Florida and the Central District of California. In every consecutive year since 2016, Teresa has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

**CATHERINE T. MITCHELL** is a partner of Stephan Zouras, LLP who graduated from The John Marshall Law School in 2015. Catherine litigates on behalf of Stephan Zouras, LLP's clients in both class action and individual litigation, representing people in a wide-range of legal disputes, including unpaid wages, employee misclassification, mass torts, antitrust, and consumer fraud. Catherine is an active member of the Women's Bar Association of Illinois and the Young Lawyers Society of the Chicago Bar Association, and served as a Chapter Editor for the Second Edition of BNA's Age Discrimination in Employment Act Treatise. Catherine is admitted to practice in Illinois, the District of Colorado, the Eastern District of Wisconsin and has been admitted *pro hac vice* to the Southern and Eastern District of New York, the District of Florida-Tampa Division, the Southern District of Iowa and the Eastern District of North Carolina. Catherine



earned her Bachelor's Degree from Saint Mary's College where she was a member of the Dean's list and served as a Member Counselor in the Business Enterprise Law Clinic. Catherine is currently an active member of the Women's Bar Association as well as a Director on The John Marshall Law School Alumni Association's Board of Directors.

## ASSOCIATE ATTORNEYS

**HALEY R. JENKINS** graduated *cum laude* from Chicago-Kent College of Law in 2016. Haley litigates on behalf of Stephan Zouras, LLP's clients in both class action and individual litigation. A spirited advocate, Haley represents clients in legal disputes involving unpaid wages, employee misclassification, antitrust, consumer fraud, whistleblower actions, and *qui tam* cases. She is currently a member of the legal team advocating for clients' biometric privacy rights in cutting-edge cases against employers and biometric device manufacturers that unlawfully collect, store, use and disseminate employees' and consumers' biometrics data. Haley is admitted to practice in Illinois and the District of Colorado and has been admitted *pro hac vice* to the Middle District of Pennsylvania. Haley graduated from the University of Illinois at Urbana-Champaign in 2013 where she majored in English.

**ANNA M. CERAGIOLI** earned her Juris Doctor from Chicago-Kent College of Law where she was named to the Dean's List and elected President of the Moot Court Honor Society. She was one of only twelve graduating students inducted into the Chicago-Kent Bar & Gavel Society. Anna is a skilled and dedicated advocate for individuals and groups of people who have been injured, deprived of earned wages or otherwise mistreated by employers. She has worked tirelessly on an array of individual and class actions lawsuits involving unpaid wages, employee misclassification, unlawful credit checks and consumer fraud. Anna received her undergraduate degree from Marquette University where she double-majored in Writing Intensive English and Politics in Law.

## OF COUNSEL

**DAVID J. COHEN,** a highly skilled and successful class-action attorney, joined Stephan Zouras, LLP in April 2016 and manages our Philadelphia office. Dave has spent his entire career fighting to protect the rights of thousands of employees, consumers, shareholders, and union members. Before joining Stephan Zouras, Dave worked on, and ran, dozens of significant antitrust, consumer, employment and securities matters for four highly-regarded Philadelphia firms. Before joining the private sector, Dave completed a unique clerkship with the Hon. Stephen E. Levin in the Philadelphia Court of Common Pleas, during which he not only helped to develop a respected and efficient system for the resolution of the Court's class action cases, but also contributed to several well-regarded works on class actions. Dave earned a J.D. from the Temple University School of Law in 1994. While attending law school, Dave was awarded the Barristers Award for excellence in trial advocacy and worked as a teaching assistant for Hon. Legrome Davis (E.D. Pa.) as part of Temple's award-winning Integrated Trial Advocacy program. Dave graduated with honors from the University of Chicago in 1991.

Dave is admitted to practice in the United States Court of Appeals for the Third Circuit, the United States Court of Appeals for the Sixth Circuit, the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the Middle District of Pennsylvania, the United States District Court for the Western District of



100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

Pennsylvania, the United States District Court for the District of New Jersey and the state courts of Pennsylvania and New Jersey.  He is a member of the American and Philadelphia Bar Associations.

**PHILIP J. GIBBONS, JR.**, a highly-accomplished Plaintiff's class action attorney in his own right, became of counsel to Stephan Zouras, LLP in June 2017.  Phil focuses entirely on employment law, with an emphasis on helping employees recover unpaid wages including overtime.  Phil began his legal career with a large national law firm, representing and counseling corporations and employers.  Since 2001, Phil has exclusively represented employees.  Phil is recognized by his peers as a highly skilled employment lawyer.  He is listed in Best Lawyers in America and Super Lawyers.  In addition, he has a perfect 10.0 rating on Avvo.com and an "A/V" rating with Martindale Hubble, which is the highest rating an attorney can receive.  Phil has extensive experience litigating single and multi-plaintiff wage and hour lawsuits under the Fair Labor Standards Act, recovering unpaid overtime and minimum wages for thousands of employees throughout the United States.

Phil is admitted to practice in North Carolina, Indiana, Seventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Third Circuit Court of Appeals, Tenth Circuit Court of Appeals, U.S. District Courts Western District North Carolina, Middle District North Carolina, Southern District of Indiana, Northern District of Indiana, and Eastern District of Michigan.

<h1 style="text-align:center; color:red;">REPRESENTATIVE TRIALS, VERDICTS AND JUDGMENTS</h1>

**Franco, et al.  v. Ideal Mortgage Bankers, d/b/a Lend America**        **12/14/17 – Trial Court Judgment**
*No. 07-cv-3956 (United States District Court for the Eastern District of New York)*
The Court entered a $15.2 million judgment on behalf of several hundred loan officers who were deprived of minimum wages and overtime in violation of federal and state law.

**Frisari v. DISH Network**        **8/25/16 – Arbitration Judgment**
*No. 18-160-001431-12 (AAA Arbitration)*
The Arbitrator certified and granted final judgment in excess of seven figures for a class of over 1,000 New Jersey inside sales associates who performed work before and/or after their shifts without pay and were not paid the proper overtime rate when they worked in excess of 40 hours a week.

**Huskey v. Ethicon Inc.**        **9/10/2014 – Jury Verdict**
*No. 2:12-cv-05201 (United States District Court for the Southern District of West Virginia)*
Stephan Zouras, LLP helped secure a $3,270,000.00 jury verdict in one of the bell-weather trial cases in the multi-district litigation against Johnson & Johnson's Ethicon unit for defective design, failure to warn and negligence related to transvaginal mesh device.

**Lee v. THR**        **5/22/14 – Trial Court Judgment**
*No. 12-cv-3078 (United States District Court for the Central District of Illinois)*
As a result of the efforts of class counsel Stephan Zouras, LLP, the Court entered a judgment for a class of employees given job titles such as "Buyers," "Auditors" and "Managers" for unpaid overtime in the sum of $12,207,880.84.

**Vilches et al. v. The Travelers Companies, Inc.**        **12/12/12 - Arbitration Judgment**
*No.  11-160-000355-11 (American Arbitration Association)*

CHICAGO    •    PHILADELPHIA    •    CHARLOTTE



Following a contested evidentiary hearing, Stephan Zouras, LLP secured a significant monetary award on behalf of a group of insurance appraiser employees seeking unpaid earned overtime under the FLSA.

**Kyriakoulis, at al. v. DuPage Health Center**                    **11/8/12 - Jury Verdict**
*No. 10-cv-7902 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a favorable jury verdict on behalf of several medical assistants deprived of minimum and overtime wages in violation of federal and Illinois law.

**Smith v. Safety-Kleen Systems, Inc.**                    **7/11/12 - Jury Verdict**
*No. 10-cv-6574 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a favorable jury verdict on behalf of a chemical handler deprived of overtime wages in this donning and doffing action brought under the FLSA.

**Wong v. Wice Logistics**                    **1/30/12 - Jury Verdict**
*No. 08 L 13380 (Circuit Court of Cook County, Illinois)*
Stephan Zouras, LLP recovered unpaid commissions and other damages for Plaintiff based on her claims under the Illinois Wage Payment and Collection Act.

**Daniels et al. v. Premium Capital Financing**                    **10/18/11 - Jury Verdict**
*No. 08-cv-4736 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP was appointed lead class and trial counsel and achieved a jury verdict in excess of $9,000,000.00 on behalf of over 200 loan officers who were deprived of minimum wages and overtime pay.

**Ferrand v. Lopas**                    **5/22/01 - Jury Verdict**
*No. 00 L 2502 (Circuit Court of Cook County, Law Division, State of Illinois)*
Jury verdict in excess of available liability insurance policy limits entered in favor of seriously-injured pedestrian, resulting in liability against insurance carrier for its bad faith refusal to tender the policy limits before trial.

# REPRESENTATIVE RESOLVED CLASS AND COLLECTIVE ACTIONS

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including:**

**Moseman v. U.S. Bank National Association**                    **1/07/19 – Final Approval**
*No. 17-cv-00481 (United States District Court for the Western District of North Carolina)*
As lead counsel, Stephan Zouras, LLP achieved a class wide settlement on behalf of individuals employed as AML/BSA Preliminary Investigators who worked in excess of 40 hours per week and were not paid proper overtime compensation.

**Ivy v. Adventist Midwest Health**                    **11/14/18 – Final Approval**
*No. 16-cv-7606 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a six-figure class settlement on behalf of Home Health Clinicians who worked in excess of 40 hours per week and were not paid overtime.

**Bhattacharya v. Capgemini, et al.**                    **11/13/18 – Final Approval**
*No. 16-cv-07950 (United States District Court for the Northern District of Illinois)*
Final approval for class settlement in the amount of $990,000.00 was granted and awarded to approximately 900 Indian



100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

national participants of Capgemini's Group Health Plan based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

**Carver v. Presence Health Network, et al.**                                          **7/10/18 – Final Approval**
*No. 15-cv-02905 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP helped achieve final approval of a seven-figure class settlement on behalf of participants and beneficiaries of benefit plans sponsored by Presence Health based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

**Lukas v. Advocate Health Care, et al.**                                          **6/27/18 – Final Approval**
*No. 14-cv-01873 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP helped achieve final approval of a seven-figure class settlement on behalf of thousands of participants and beneficiaries to Advocate Health Care Network's Pension Plan based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

**Brown v. Health Resource Solutions, Inc.**                                          **4/20/18 – Final Approval**
*No. 16-cv-10667 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of class settlement for $900,000.00 in unpaid overtime wages on behalf of Home Health Clinicians who were misclassified as exempt under federal and state wage laws.

**Eggleston v. USCC Services, LLC.**                                          **2/16/18 – Final Approval**
*No. 16-cv-06775 (United States District Court for the Northern District of Illinois)*
As co-lead counsel, Stephan Zouras, LLP helped obtain final approval of a $1,250,000 class settlement for unpaid overtime wages on behalf of misclassified Sales Managers.

**Caison v. Sogeti USA, LLC, et al.**                                          **2/12/18 – Final Approval**
*No. 17-cv-2786 (United States District Court for the Northern District of Illinois)*
As lead counsel, Stephan Zouras, LLP achieved a class wide settlement on behalf of hundreds of Business Analysts who worked in excess of 40 hours per week and were not paid proper overtime compensation.

**Kaminski v. Bank of America, N.A.**                                          **2/15/18 – Final Approval**
*No. 16-cv-10844 (United States District Court for the Northern District of Illinois)*
Final approval for class settlement in the amount of $850,000 in unpaid wages was granted and awarded to a class of approximately 100 employees working as Senior Specialist-Securities and Operation Market Professionals.

**Byrne v. Centegra Health System**                                          **1/29/18 – Final Approval**
*No. 17-cv-00018 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of class settlement for $425,000 in unpaid overtime wages on behalf of registered nurses, physical therapists, occupational therapists, speech therapists and other similarly-designated skilled care positions who were misclassified as exempt under federal and state wage laws.

**Donoghue v. Verizon Communications, Inc.**                                          **11/16/17 – Final Approval**
*No. 16-cv-4742 (United States District Court for the Eastern District of Pennsylvania)*
The Court granted final approval of class settlement for $800,000 in unpaid overtime wages on behalf of wireline workers who were hired to fill in for Verizon employees during a strike. Despite regularly working 65 hours per week, these



employees were classified as exempt and denied overtime wages.

**Tompkins v. Farmers Insurance Exchange**                    9/27/17 – Final Approval
*No. 14-cv-3737 (United States District Court for the Eastern District of Pennsylvania)*
The Court granted final approval of a $775,000.00 class settlement on behalf misclassified loan officers seeking unpaid overtime wages.

**In re Sears Holdings Corporation Stockholder and Derivative Litigation**        5/9/17 – Final Approval
*No. 11081-VCL (Court of Chancery of the State of Delaware)*
Stephan Zouras, LLP represented the Named Plaintiff in a $40 million settlement in connection with a 2015 sale by Sears of 235 properties to Seritage Growth Properties.

**Oaks v. Sears**                                              4/12/17 – Final Approval
*No. 1:15-cv-11318 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP settled on behalf of thousands of consumers who own or once owned Sears Kenmore grills in a product defect class action.

**Hauser v. Alexian Brothers Home Health**                    4/06/17 – Final Approval
*No. 15-cv-6462 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP settled for $1 million on behalf of home health care clinicians who were misclassified as "exempt" and deprived of earned overtime wages.

**Leiner v. Johnson & Johnson**                               1/31/17 – Final Approval
*No. 15-cv-5876 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of a $5 million settlement for consumers nationwide in a consumer fraud class action.  Stephan Zouras, LLP represented consumers who were deceived into paying premium prices for Johnson & Johnson baby bedtime products which falsely claimed to help babies sleep better.

**Reed v. Friendly's Ice Cream, LLC, et al.**                 1/31/17 – Final Approval
*No. 15-cv-00298 (United States District Court for the Middle District of Pennsylvania)*
Stephan Zouras, LLP served as co-counsel and helped obtain final approval of a $3,500,000 class settlement on behalf of nationwide Servers who were not compensated for off-the-clock worked performed during unpaid meal breaks and after their scheduled shifts.

**McPhearson v. 33 Management**                               11/3/16 – Final Approval
*No. 15-ch-17302 (Circuit Court of Cook County, IL)*
The Court granted final approval of class settlement on behalf of tenants of a Chicago apartment building where the landlords violated the City of Chicago Residential Landlord and Tenant Ordinance by collecting and holding tenant security deposits without paying interest earned.

**Cook v. Bank of America**                                   8/2/16 – Final Approval
*No. 15-cv-07718 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of $3,250,000 settlement for an Illinois Class and FLSA Collective on behalf of individuals who worked as Treasury Services Advisors and who were misclassified as exempt from earned overtime wages.

**Altnor v. Preferred Freezer Services, Inc.**                7/18/16 – Final Approval
*No. 14-cv-7042 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid meal break work for a



class of 80 cold storage warehouse workers.

**Lukas v. Advocate Health Care**                                    **6/29/16 – Final Approval**
*No. 14-cv-2740 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of a $4,750,000 settlement for a federal FLSA and Illinois Minimum Wage Law collective class of home health care clinicians who were wrongly classified as "exempt" from federal and state overtime laws.

**Kurgan v. Chiro One Wellness Centers LLC**                        **4/27/16 – Final Approval**
*No. 10-cv-1899 (United States District Court for the Northern District of Illinois)*
The Court granted Plaintiffs' motion for Section 216(b) certification of Plaintiffs' FLSA claim, granted Rule 23 certification of Plaintiffs' claims under the Illinois Minimum Wage Law and appointed Stephan Zouras, LLP as counsel for a class of chiropractic technicians and assistants.

**Heba v. Comcast**                                                  **4/6/16 – Final Approval**
*No. 12-471 (First Judicial District of Pennsylvania Court of Common Pleas of Philadelphia)*
The Court granted class certification to Customer Account Executives who worked at Comcast's Pennsylvania call centers and were required to work 15 minutes a day before their scheduled start time without pay.  As lead counsel, Stephan Zouras, LLP achieved a favorable resolution for over 6,000 class members.

**Johnson v. Casey's General Stores, Inc.**                         **3/3/16 – Final Approval**
*No. 15-cv-3086 (United States District Court for the Western District of Missouri)*
The Court granted final approval on behalf of a certified class of employees of Casey's General Stores, Inc. to redress violations of the Fair Credit Reporting Act (FCRA).

**Fields v. Bancsource, Inc.**                                      **2/3/16 – Final Approval**
*No. 14-cv-7202 (United States District Court for the Northern District of Illinois)*
The Court entered an order granted Plaintiffs' motion for Section 216(b) certification of a class of field engineers who were deprived of overtime for hours worked in excess of 40 in given workweeks.

**Elder, et al. v. Comcast Corporation**                            **1/11/16 – Final Approval**
*No. 12-cv-1157 (United States District Court for the Northern District of Illinois)*
The Court granted Plaintiffs' motion for conditional certification and appointed Stephan Zouras, LLP as counsel for a class of cable technicians who allege they were deprived of overtime wages in violation of federal law.

**Posada, et al. v. Continental Home Loans, Inc.**                  **1/13/16 - Final Approval**
*15-cv-4203 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP was appointed class counsel and achieved a substantial settlement on behalf of a class of loan officers deprived of minimum and overtime wages.

**Struett v. Susquehanna Bank**                                     **10/27/15 – Final Approval**
*No. 15-cv-176 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $300,000 in unpaid overtime wages for 31 misclassified loan officers.

**Faust, et al. v. Comcast Corporation**                            **10/11/15 - Final Approval**
*No. 10-cv-2336 (United States District Court for the Northern District of Maryland)*
The Court granted Plaintiffs' motion for conditional certification and appointed Stephan Zouras, LLP lead counsel for a class of call center employees.



**Butler, et al. v. Direct Sat**                                        9/3/15 - Final Approval
*No. 10-cv-08747 DKC (United States District Court for the District of Maryland)*
Stephan Zouras, LLP reached favorable resolution on behalf of a finally-certified collective class of technicians working in DirectSat's Maryland warehouses who were not paid overtime.

**Sosnicki v. Continental Home Loans, Inc.**                            7/30/15 - Final Approval
*No. 12-cv-1130 (United States District Court for the Eastern District of New York)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of a collective class of loan officers who were deprived of minimum wages and overtime in violation of federal and state law.

**Bordell v. Geisinger Medical Center**                                 4/8/15 – Final Approval
*No. 12-cv-1688 (Northumberland Court of Common Pleas)*
The firm's attorneys served as lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and recovered $499,000 in unpaid overtime wages for hospital workers.

**Harvey, et al. v. AB Electrolux, et al.**                             3/23/15 – Final Approval
*No. 11-cv-3036 (United States District Court for the Northern District of Iowa)*
As lead counsel, Stephan Zouras, LLP achieved a six-figure settlement amount on behalf of hundreds of production workers seeking unpaid earned wages.

**Price v. NCR Corporation**                                            3/18/15 – Final Approval
*No. 51-610-908-12 (AAA Arbitration)*
As lead class counsel, Stephan Zouras, LLP achieved a seven figure, arbitrator approved settlement on behalf of thousands of Customer Engineers nationwide who were deprived overtime wages in violation of federal law.

**Frebes, et al. v. Mask Restaurants, LLC**                             1/15/15 – Final Approval
*No. 13-cv-3473 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed class counsel and achieved a substantial settlement on behalf of hundreds of servers, bartenders and bussers forced to participate in an illegal "tip pool."

**Jones v. Judge Technical Services Inc.**                              12/15/14 – Final Approval
*No. 11-cv-6910 (United States District Court for the Eastern District of Pennsylvania)*
As lead class counsel, Stephan Zouras, LLP prevailed on summary judgment and subsequently achieved a seven-figure settlement on behalf of IT workers who were designated under the "Professional Day" or "Professional Week" compensation plan, misclassified as exempt from the FLSA and denied overtime pay.

**Howard, et al. v. Securitas Security Services USA, Inc.**             5/7/14 – Final Approval
*No. 08-cv-2746 (United States District Court for the Northern District of Illinois)*
**and, Hawkins v. Securitas Security Services USA, Inc.**
*No. 09-cv-3633 (United States District Court for the Northern District of Illinois)*
For settlement purposes, the Court certified a class of approximately ten thousand security guards seeking damages for unpaid wages and overtime under the FLSA and Illinois Minimum Wage Law.

**Thomas v. Matrix Corporation Services**                               2/12/14 – Final Approval
*No. 10-cv-5093 (United States District Court for the Northern District of Illinois)*
As lead counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of a class of hundreds of technicians who allege they were deprived of overtime wages in violation of federal law.



100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

ATTORNEYS AT LAW

**Ingram v. World Security Bureau**                      **12/17/13 – Final Approval**
*No. 11-cv-6566 (United States District Court for the Northern District of Illinois)*
Stephan Zouras secured a class settlement on behalf of several hundred security officers deprived of minimum wages and overtime in violation of federal and state law.

**Sexton v. Franklin First Financial**                      **9/30/13 – Final Approval**
*No. 08-cv-04950 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP achieved a settlement on behalf of a class of approximately 150 loan officers deprived of minimum wages and overtime in violation of the FLSA.

**Outlaw v. Secure Health, L.P.**                      **9/24/13 – Final Approval**
*No. 11-cv-602 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid pre-shift, meal break and uniform maintenance work for a class of 35 nursing home workers.

**Robinson v. RCN Telecom Services, Inc.**                      **8/5/13 – Final Approval**
*No. 10-cv-6841 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $375,000 in unpaid overtime wages for misclassified cable television installers.

**Holland v. Securitas Security Services USA, Inc.**                      **7/26/13- Final Approval**
*No. BC 394708 (Superior Court of California, County of Los Angeles)*
As class counsel, Stephan Zouras, LLP achieved a six figure settlement on behalf of thousands of security officers who allege they were deprived of overtime wages in violation of federal law.

**Jankuski v. Heath Consultants, Inc.**                      **7/2/13 - Final Approval**
*No. 12-cv-04549 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed lead counsel and achieved a settlement on behalf of gas management technicians deprived of minimum wages and overtime in violation of the FLSA.

**Ord v. First National Bank of Pennsylvania**                      **6/21/13 – Final Approval**
*No. 12-cv-766 (United States District Court for the Western District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this consumer fraud lawsuit which recovered $3,000,000 for consumers who had been made to pay improper overdraft fees.

**Holley v. Erickson Living Management, LLC**                      **6/13/13 – Final Approval**
*No. 11-cv-2444 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid pre-shift and meal break work for a class of 63 nursing home workers.

**Hansen, et al. v. Per Mar Security Services**                      **5/15/13 - Final Approval**
*No. 09-cv-459 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP was appointed class counsel and secured a settlement for hundreds of security guards deprived of minimum wages and overtime in violation of federal and state law.

CHICAGO  •  PHILADELPHIA  •  CHARLOTTE



**Pomphrett v. American Home Bank**                                     3/14/13 – Final Approval
*No. 12-cv-2511 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $2,400,000 in unpaid overtime wages for misclassified loan officers.

**Murphy v. Rayan Brothers, et al.**                                     2/22/13 - Final Approval
*No. 11 CH 03949 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
Stephan Zouras, LLP achieved class wide recovery on behalf of a class of tenants for violations of the Chicago Residential Landlord and Tenant Ordinance (RLTO).

**Glatts v. Crozer-Keystone Health System**                             2/6/13 – Final Approval
*No. 0904-1314 (Philadelphia Court of Common Pleas)*
The firm's attorneys served as co-lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and recovered $1,200,000 in unpaid overtime wages for hospital workers.

**Chambers v. Front Range Environmental, LLC**                          1/23/13 - Final Approval
*No. 12-cv-891 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed as class counsel and resolved this action on behalf of a class of maintenance workers.

**Piehl v. Baytree National Bank**                                      1/3/13 - Final Approval
*No. 12-cv-1364 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed class counsel and resolved this action on behalf of a class of Indiana loan officers who were paid on a commission-only basis and deprived of earned minimum wage and overtime in violation of the FLSA.

**Searson v. Concord Mortgage Corporation**                            11/19/12 - Final Approval
*No. 07-cv-3909 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP achieved a settlement on behalf of a class of 80 loan officers deprived of minimum wages and overtime in violation of the FLSA.

**Ellenbecker, et al. v. North Star Cable Construction, Inc., et al.**  11/14/12 - Final Approval
*No. 09-cv-7293 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP obtained Rule 23 certification, were appointed lead counsel, and achieved a significant monetary resolution for a class of several hundred cable technicians seeking unpaid overtime wages and the recovery of improper deductions from their pay.

**Williams, et al. v. Securitas Security Services USA, Inc.**           11/8/12 - Final Approval
*No. 10-cv-7181 (United States District Court for the Eastern District of Pennsylvania)*
As lead class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a class of Pennsylvania security guards who were not paid for all time spent in training and orientation.

**Lacy, et al. v. The University of Chicago Medical Center**            11/6/12 – Final Approval
*No. 11-cv-5268 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a FLSA settlement for a collective class of hospital respiratory therapists.


**Molyneux, et al. v. Securitas Security Services USA, Inc.**                    11/5/12 - Final Approval
*No. 10-cv-588 (United States District Court for the Southern District of Iowa)*
As lead class counsel, Stephan Zouras achieved a settlement on behalf of a class of Iowa and Wisconsin security guards who were not paid for all time spent in training and orientation.

**Davis v. TPI Iowa, LLC**                    9/6/12 - Final Approval
*No. 11-cv-233 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of production employees.

**Kernats, et al. v. Comcast Corporation**                    5/28/12 - Final Approval
*No. 09-cv-3368 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a seven-figure settlement on behalf of over 7,500 Customer Account Representatives (CAEs) for unpaid wages in a Rule 23 class action brought under Illinois wage law.

**Garcia, et al. v. Loffredo Fresh Produce Co., Inc.**                    5/24/12 - Final Approval
*No. 11-cv-249 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of produce processing employees.

**Larsen, et al. v. Clearchoice Mobility, Inc., et al.**                    3/21/12 - Final Approval
*No. 11-cv-1701 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved an FLSA settlement on behalf of a collective class of retail sales consultants.

**Etter v. Trinity Structural Towers**                    1/26/12 - Final Approval
*No. 11-cv-249 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of production employees.

**Petersen, et al v. Marsh USA, Inc. et al.**                    9/21/11 - Final Approval
*No. 10-cv-1506 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a six-figure settlement on behalf of over 30 analysts who claimed they were misclassified under the FLSA.

**Thompson v. World Alliance Financial Corp.**                    8/5/11 - Final Approval
*No. 08-cv-4951 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP were appointed lead counsel and achieved a settlement on behalf of a class of over one hundred loan officers deprived of minimum wages and overtime in violation of federal and state law.

**Vaughan v. Mortgage Source LLC, et al.**                    6/16/11 - Final Approval
*No. 08-cv-4737 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP were appointed lead counsel and achieved a settlement on behalf of a class of loan officers deprived of minimum wages and overtime in violation of federal and state law.

**Harris, et al. v. Cheddar's Casual Cafe, Inc.**                    6/1/11 - Final Approval
*No. 51 460 00557 10 (AAA Arbitration)*
Stephan Zouras served as lead counsel in six-figure class settlement on behalf of over 100 restaurant workers deprived of minimum wages and overtime.



100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Turner v. Mercy Health System**                                      4/20/11 – Final Approval
*No. 0801-3670 (Philadelphia Court of Common Pleas)*
The firm's attorneys served as co-lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and, in a case of first impression, recovered $2,750,000 in unpaid overtime wages for hospital workers.

**Brown et al. v. Vision Works, et al.**                               3/4/11 - Final Approval
*No. 10-cv-01130 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a settlement on behalf of retail store managers improperly classified as exempt from overtime.

**Havard v. Osceola Foods, Inc., et al.**                              2/28/11 - Final Approval
*No. LA CV 0111290 (Iowa District for Clarke County, Iowa)*
As lead class counsel, Stephan Zouras, LLP achieved a class settlement on behalf of meat processing plant employees who were not properly paid for donning and doffing activities performed before their shifts, during meal breaks and after their shifts.

**Lagunas v. Cargill Meat Solutions Corp.**                            1/27/11 - Final Approval
*No. 10-cv-00220 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP served as co-lead counsel in class settlement on behalf of meat processing plant employees who were not properly paid for donning and doffing activities performed before their shifts, during meal breaks and after their shifts.

**Anderson v. JCG Industries, Inc.**                                   9/2/10 - Final Approval
*No. 09-cv-1733 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of meat processing plant employees who were not properly paid for time worked before their shifts, during meal breaks and after their shifts.

**Cedeno, et al. v. Home Mortgage Desk, Corp., et al.**                6/15/10 - Final Approval
*No. 08-cv-1168 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a six-figure settlement on behalf of a Section 216(b) collective class of loan officers deprived of overtime wages.

**Perkins, et al. v. Specialty Construction Brands, Inc.**             11/15/09 - Final Approval
*No. 09-cv-1678 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure wage and hour settlement on behalf of a collective class of plant employees for claims of unpaid overtime, including time worked before the start of their shifts, during breaks and after the end of their shifts.

**Wineland, et al. v. Casey's General Stores, Inc.**                   10/22/09 - Final Approval
*No. 08-cv-00020 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a seven-figure settlement on behalf of a Section 216(b) collective class and Rule 23 class of over 10,000 cooks and cashiers for unpaid wages, including time worked before and after their scheduled shifts and while off-the-clock.

**Jones, et al. v. Casey's General Stores, Inc.**                      10/22/09 - Final Approval
*No. 07-cv-400 (United States District Court for the Southern District of Iowa)*





**STEPHANZOURAS, LLP**
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a seven-figure settlement on behalf of a Section 2 l 6(b) collective class and Rule 23 class of assistant store managers for unpaid wages, including time worked before and after their scheduled shifts and while off-the-clock.

**Stuart, et al. v. College Park, et al.**                                           **12/11/07 - Final Approval**
*No. 05 CH 09699 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking the refund of their security deposits. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

**Huebner et al. v. Graham C Stores**                                          **11/15/07 - Final Approval**
*No. 06 CH 09695 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
Ryan Stephan of Stephan Zouras, LLP served as co-lead counsel in this wage and hour case involving claims for unpaid wages by a class of gas station employees. Mr. Stephan helped achieve a six-figure settlement for over 100 employees.

**Perez, et al. v. RadioShack Corporation**                                    **9/14/07 - Final Approval**
*No. 02-cv-7884 (United States District Court for Northern District of Illinois)*
The firm's partners served as co-lead counsel in this nationwide Fair Labor Standards Act ("FLSA") overtime action brought on behalf of 4,000 retail store managers. Plaintiffs claimed they were improperly classified as exempt from the FLSA and owed overtime compensation for all hours worked in excess of 40 each week. In a case of first impression, the Court granted summary judgment in favor of a sub-class of Plaintiffs who did not "regularly and customarily" supervise at least 80 hours of subordinate time per week at least 80% of the time as required by the executive exemption of the FLSA. The reported decision is *Perez v. RadioShack Corp.,* 386 F. Supp. 979 (N.D. Ill. 2005). As a result of the efforts of Plaintiffs' counsel, Plaintiffs obtained a nearly $9 million settlement on the eve of trial.

**Reinsmith, et al. v. Castlepoint Mortgage**                                   **4/3/07 - Final Approval**
*No. 05-cv-01168 (United States District Court, Eastern District of Massachusetts)*
The firm's partners served as co-lead counsel in this action brought on behalf of a collective class of loan officers seeking to recover unpaid overtime. Mr. Stephan and Mr. Zouras helped achieve a seven-figure settlement on behalf of over 100 loan officers in this case.

**Kutcher, et al. v. B&A Associates**                                           **11/20/06 - Final Approval**
*No. 03 CH 07610 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking damages based on alleged security deposit violations. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

**Ciesla, et al. v. Lucent Technologies, Inc**.                                 **7/31/06 - Final Approval**
*No. 05-cv-1641 (United States District Court for the Northern District of Illinois)*
The firm's partners served as co-lead counsel in this breach of contract class action against a high-tech communications company. Mr. Stephan and Mr. Zouras helped obtain a seven-figure settlement on behalf of the class.

**Casale, et al. v. Provident Bank**                                            **7/25/05 - Final Approval**
*No. 04-cv-2009 (United States District Court for the District of New Jersey)*
The firm's partners served as co-lead counsel in this case brought on behalf of a collective class of over 100 loan officers

C H I C A G O    •    P H I L A D E L P H I A    •    C H A R L O T T E


who were seeking damages based on wage and hour violations of the FLSA. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a seven-figure settlement on behalf of the Plaintiffs.

**Corbin, et al. v. Barry Realty**                                                    **3/22/05 - Final Approval**
*No. 02 CH 16003 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking the refund and interest on their security deposits as called for by the Chicago Residential Landlord Tenant Ordinance. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

## BIOMETRIC INFORMATION PRIVACY CLASS ACTION LAWSUITS

**Our firm is at the forefront of BIPA litigation to protect the biometric data and privacy of employees and consumers. We have brought numerous class action lawsuits against employers and other retail businesses who have collected biometric data without consent and without instituting the proper safeguards including;**

- **Battles, et al v. Southwest Airlines Co., et al.**
  *No. 2018-CH-09376 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bello, et al. v. The Parc at Joliet, LLC**
  *No. 2018-CH-1888 (Circuit Court of Will County, State of Illinois)*
- **Brown, et al. v. Weathertech**
  *No. 2019-CH-00503 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bryant, et al. v. Loews Chicago Hotel, Inc., et al.**
  *No. 2018-CH-09477 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bryski, et al. v. Nemera Buffalo Grove, LLC, et al.**
  *No. 2018-CH-07264 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cacy, et al. v. Agco Corporation, et al.**
  *No. 2018-CH-09968 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cameron, et al. v. Polar Tech Industries, Inc., et al.**
  *No. 2018-CH-10001 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Chatman, et al. v. Crate and Barrel**
  *No. 2018-CH-09277 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cothron v. White Castle, et al.**
  *No. 2018-CH-15233 (Circuit Court of Cook County, Chancery Division)*
- **Crooms, et al. v. Southwest Airlines**
  *No. 2019-CH-01610 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Diaz, et al. v. Silver Cross Hospital**
  *No. 2018-CH-1327 (Circuit Court of Will County, State of Illinois)*
- **Doporcyk, et al. v. Mariano's**
  *No. 17-cv-05250 (United States District Court for the Northern District of Illinois)*
- **Dixon, et al. v. Smith Senior Living**
  *No. 17-cv-08033 (United States District Court for the Northern District of Illinois)*
- **Edmond, et al. v. DPI Specialty Foods, Inc., et al.**
  *No. 2018-CH-09573 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Fields, et al. v. Abra Auto Body & Glass**


*No. 17-CH-12271 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Figueroa, et al. v. Tony's Fresh Market, et al.**
  *No. 2018-CH-15728 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **George, et al. v. Marriot International, Inc., et al.**
  *No. 2018-CH-04413 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Goings, et al. v. Applied Acoustics**
  *No. 17-CH-14954 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Heard, et al. v. St. Bernard Hospital, et al.**
  *No. 2017-CH-16828 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Heard, et al v. THC-North Shore, Inc.**
  *No. 2017-CH-16918 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Henderson, et al. v. ADP, LLC, et al.**
  *No. 2018-CH-07139 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Jackson, et al. v. A. Finkl & Sons, Co., et al.**
  *No. 2018-CH-07424 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Johns, et al. v. Club Fitness of Alton, LLC**
  *No. 2018-L-000080 (Circuit Court of Madison County, Law Division, State of Illinois)*
- **Johnson, et al. v. Gold Standard Baking, Inc., et al.**
  *No. 2018-CH-09011 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Jones, et al. v. Hooters Management Corporation, et al.**
  *No. 2018-Ch-00908 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Kane, et al. v. Con-Tech Lighting, et al.**
  *No. 2018-CH-12194 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Kardos, et al. v. ABT Electronics, Inc.**
  *No. 2019-CH-01235 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Krause, et al. v. Caputo's New Farm Produce, et al.**
  *No. 2018-Ch-11660 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Liu, et al. v. Four Seasons**
  *No. 17-CH-14949 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mazya, et al. v. Northwestern Lake Forest Hospital, et al.**
  *No. 2018-CH-07161 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mims, et al. v. Hilton**
  *No. 17-CH-15781 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Morris, et al. v. Imperial Towers Condominium Assn.**
  *No. 2018-CH-00989 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Morris, et al. v. Wow Bao**
  *No. 17-CH-12029 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mosby, et al. v. The Ingalls Memorial Hospital, et al.**
  *No. 2018-CH-05031 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Ogen, et al. v. Wyndham Hotels & Resorts**
  *No. 17-CH-15626 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Peaks-Smith, et al. v. Saint Anthony Hospital, et al.**
  *No. 2018-CH-07077 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Ramsey, et al. v. Daley's Medical Transportation, Inc.**
  *No. 2018-CH-01935 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Robertson, et al. v. Hostmark Hospitality Group, Inc., et al.**



STEPHAN**ZOURAS**, LLP

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
**stephanzouras.com**

*No. 2018-CH-05194 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Sanchez, et al v. Elite Labor Services**
  *No. 2018-CH-02651 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Stidwell, et al. v. NFI, LLC, et al.**
  *No. 2018-CH-13599 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Tellado, et al. v. Rich Products Corporation, et al.**
  *No. 2018-CH-07627 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Thome, et al. v. Flexicorps, Inc.**
  *No. 2018-CH-01751 (Circuit Court of Cook County, Chancery Division)*
- **Thurman, et al. v. Northshore University HealthSystem**
  *No. 2018-CH-03544 (Circuit Court of Cook County, Chancery Division)*
- **Treadwell, et al. v. Power Solutions International, Inc., et al.**
  *No. 2018-CH-13574 (Circuit Court of Cook County, Chancery Division)*
- **Watts, et al. v. Chicago Lakeshore Hospital**
  *No. 17-cv-07713 (United States District Court for the Northern District of Illinois)*
- **White v. East Side Child Development Center, et al.**
  *No. 2018-CH-09599 (Circuit Court of Cook County, Chancery Division)*